UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 26, 2015

LETTER TO COUNSEL

RE: *Tony Price v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2763

Dear Counsel:

On September 19, 2013, Plaintiff Tony Price petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Mr. Price filed his claim for Supplemental Security Income ("SSI") on May 1, 2008, alleging a disability onset date of November 8, 2007. (Tr. 69, 86-89). His claim was denied initially and on reconsideration. (Tr. 71-72, 74-76). A hearing was held on January 28, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 35-68). Following the hearing, the ALJ determined that Mr. Price was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-24). The Appeals Council denied Mr. Price's request for review, (Tr. 4-7), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Price suffered from the severe impairments of obesity, depression, schizoaffective disorder, and anti-social personality disorder. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Price retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) but is limited to work that is simple as defined in the DOT as SVP levels 1 and 2, Routine and Repetitive tasks, in a work environment free of fast paced production requirements which is defined as constant activity with work tasks performed sequentially in rapid succession; involving only simple-work related decisions; with few, if any, work place changes; and only occasional interaction with co-workers and supervisors and no interaction with the general public.

*Tony Price v. Commissioner, Social Security Administration*
Civil No. SAG-13-2763
February 26, 2015
Page 2

(Tr. 19).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Price could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled.  (Tr. 23-24).

Mr. Price raises eleven separate arguments on appeal, though most are not supported with any factual or legal analysis.  Each argument lacks merit and is addressed below.

First, Mr. Price contends that the ALJ did not adequately consider Dr. Osei-Boateng's report.  Pl. Mem. 2.  In fact, the ALJ addressed and summarized that report, including the finding of tenderness in the paravertebral muscles.  (Tr. 20).  While Mr. Price surmises that the tenderness "could have an effect on carrying and lifting," Dr. Osei-Boateng suggests no such effect.  Similarly, Mr. Price's suggestion that his history of hypertension, Hepatitis C, and diabetes "can effect postural capabilities and endurance" is entirely speculative, as the record reflects no functional limitations from those diagnoses.  The other excerpts Mr. Price cites from Dr. Osei-Boateng's report are not Dr. Osei-Boateng's conclusions from the examination, but are Mr. Price's own statements to Dr. Osei-Boateng.  Pl. Mem. 2.  Thus, the statements are subject to the ALJ's credibility assessment, which is addressed below.

Second, Mr. Price suggests that the ALJ erred by stating that he "does not meet the medical criteria for depression."  Pl. Mem. 2-3.  However, the ALJ specifically found that Mr. Price suffered from a severe impairment of depression.  (Tr. 17).  Moreover, Mr. Price's attorney conceded, at the hearing, that Mr. Price did not meet or equal the Listing for depression, (Tr. 39), and the record does not reflect that the Listing has been met or equaled.  Accordingly, I find no error in the ALJ's evaluation of Mr. Price's depression.

Third, Mr. Price protests the ALJ's reference to "unremarkable clinical findings," due to the volume of treatment notes and the confirmed diagnoses of several psychiatric disorders.  Pl. Mem. 3-4.  I note that the ALJ did not discount the diagnoses of psychiatric disorders.  In fact, the ALJ found that several of Mr. Price's psychiatric conditions constituted severe impairments, and imposed an RFC assessment including considerable restrictions to account for his inability to complete complex tasks, his problems with maintaining sustained concentration and pace, and his difficulties with social interaction. Moreover, many of the treatment notes did reflect clinical findings that were largely normal, or at least were not indicative of significant impairment.  (Tr. 178, 183, 185, 188, 189, 191, 192, 194, 197, 199, 279).  There are some temporal gaps in the treatment notes, for example, reflecting no treatment between November 2009 and September 2011, and then no treatment throughout 2012.  It is the claimant's burden, through the first four steps of the sequential evaluation, to present evidence establishing disability, and Mr. Price has not suggested that he submitted any treatment notes for those periods that are now missing.  *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  The treatment notes that are contained in the file, as noted above, do not reflect disabling psychiatric impairments.  Accordingly, substantial evidence supports the ALJ's conclusion.

Fourth, Mr. Price argues that the ALJ erred in making an adverse credibility assessment. Notably, this Court's role is not to reweigh the evidence or to substitute its judgment for that of

*Tony Price v. Commissioner, Social Security Administration*
Civil No. SAG-13-2763
February 26, 2015
Page 3

the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, the ALJ cited to the clinical findings discussed above, and to the fact that Mr. Price was treated conservatively with prescription medication and individual therapy. (Tr. 21). The ALJ further cited to Mr. Price's activities of daily living, which included regular use of public transportation and travel to a cousin's small business to provide some assistance with upkeep. (Tr. 22). Finally, the ALJ cited to Mr. Price's sporadic work history prior to his alleged onset date, and to the fact that he expressed a lack of interest in pursuing educational or job training opportunities, as factors undermining his credibility. (Tr. 22, 199). As discussed above, the ALJ imposed significant restrictions in the RFC assessment to address Mr. Price's mental health limitations. After careful review of the medical evidence of record, I find that the ALJ's conclusions were supported by substantial evidence. While there may be other evidence in the record on which a contrary conclusion could be premised, the combination of the treatment notes, conservative treatment methods, activities of daily living, and work history adequately backs the ALJ's determination.

Fifth, Mr. Price contends that the ALJ "engaged in sandbagging, thus demonstrating procedural unfairness, which amounts to an error of law, abuse of discretion, and a failure to base a decision on substantial evidence." Pl. Mot. 4. Absent any specific examples of or references to the alleged "sandbagging" in question, I am wholly unable to evaluate this contention.

Sixth, Mr. Price argues that the ALJ assigned inadequate weight to the opinion of his treating physician, presumably meaning the opinion issued by Dr. Deblasi.[1] Pl. Mem. 3-4. The undated letter from Dr. Deblasi states that Mr. Price is "a client of this clinic" and that he "has received services here since 2008." (Tr. 275). The letter does not specify Dr. Deblasi's relationship with Mr. Price or how long, if at all, Dr. Deblasi personally treated Mr. Price before writing the letter. Dr. Deblasi also completed a "psychiatric review technique" form and a "mental residual functional capacity assessment" on January 2, 2013. (Tr. 257-74). The descriptions, in Dr. Deblasi's letter and in his forms, of the details of Mr. Price's condition appear to describe his symptoms in 2008, during an episode of hospitalization at Maryland General Hospital. (Tr. 263, 275). Certainly, none of the treatment notes in the file describe regular or ongoing psychotic symptoms similar to believing that "martians have taken over the world." As discussed above, the treatment notes generally reflected a stable condition and only mild to moderate symptoms. Those notes, then, in addition to the conservative treatment and Mr. Price's activities of daily living, adequately support the ALJ's assignment of "little weight" to Dr. Deblasi's more extreme opinion.

---

[1] While Mr. Price does not identify the subject of his argument, the only other treating medical source to render an opinion was licensed clinical social worker Tamarah St. John, who co-authored a letter opinion with Dr. Deblasi and also completed a separate medical assessment form. (Tr. 247, 263, 275). Ms. St. John is not an "acceptable medical source" under the regulations. *See* 20 C.F.R. §§ 404.1513(a)(2); 416.913(a)(2). Thus, the only "treating physician" in question is Dr. Deblasi.

*Tony Price v. Commissioner, Social Security Administration*
Civil No. SAG-13-2763
February 26, 2015
Page 4

Seventh, Mr. Price submits that the ALJ failed to consider the consultative opinion assigning a GAF of 50. Pl. Mem. 4. However, the ALJ expressly referred to that consultative examination and to the GAF score assigned. (Tr. 21). His argument therefore lacks merit.

Mr. Price's eighth argument is that he and his attorney "never received a copy of the Social Security file or the consultative examinations," and his ninth argument is that, "Social Security lost Mr. Price's file and this is a reconstructed case in which there are records missing." Pl. Mem. 4. Once again, I am unable to evaluate those arguments without any specific facts or legal contentions to support them. It is clear that Mr. Price's attorney had the reconstructed file when preparing his summary judgment materials, because he cited to its contents. He has not expressly identified how he was prejudiced by any delay in receiving those materials, or what records he has alleged to be missing. Accordingly, remand is unwarranted.

Tenth, Mr. Price protests that the "Social Security Psychiatric examiners were not provide [sic] the history of Mr. Price's psychiatric illness prior to examination." Pl. Mem. 4. However, Mr. Price told the first examiner, Dr. Kashyap, that his prior history consisted of substance induced psychiatric issues, which resulted in brief hospitalizations, and that he had no other psychiatric care. (Tr. 138). Mr. Price presented with euthymic mood and affect at his physical consultative examination with Dr. Osei-Boateng, though he reported depression and a hospitalization in February, 2008 "for a nervous breakdown." (Tr. 148). During his later consultative psychiatric examination, he described to the examiner that he had two inpatient psychiatric hospitalizations and that he was seen monthly by a psychiatrist and therapist at Bon Secours. (Tr. 212-13). There is no requirement that each consultative examiner conduct a thorough review of an examinee's existing medical records before rendering an opinion, since the main purpose of a consultative examination is to obtain the results of an in-person examination by an independent physician. Moreover, there is no suggestion that the non-examining reviewing physicians were deprived of any of Mr. Price's medical records.

Finally, Mr. Price contends that a consultative medical examiner "should be provided in any subsequent hearing for a review of the entire record." Pl. Mem. 4. However, because remand is unwarranted, there will be no subsequent hearing as to this claim. With respect to this claim, three consultative examinations occurred, so there is no deficiency in the Commissioner's development of the medical record.

For the reasons set forth herein, Mr. Price's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The clerk is directed to CLOSE this case.

*Tony Price v. Commissioner, Social Security Administration*
Civil No. SAG-13-2763
February 26, 2015
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                      Sincerely yours,

                                            /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge